UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOREEN MARRALI, Individually and on Behalf of All Others Similarly Situated, | ) ) Case No: 1:09-cv-1046 |
| Plaintiff, | ) ) Judge: |
| vs. | ) **COMPLAINT** |
| GIANT EAGLE, INC., | ) ) **(Jury Demand Endorsed Hereon)** |
| Defendant | ) ) |

CLASS ACTION COMPLAINT FOR (1) VIOLATION OF OHIO'S CONSUMER SALES PRACTICES ACT, OHIO REVISED CODE §1345, ET SEQ.; (2) VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICES ACT, OHIO REVISED CODE §4165, ET SEQ.; AND (3) BREACH OF EXPRESS WARRANTY

-1-

Plaintiff Noreen Marrali ("Plaintiff"), brings this action on behalf of herself and all others similarly situated against defendant Giant Eagle, Inc. ("Giant Eagle"), and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum and is a class action in which members of the class of plaintiffs are citizens of states different from Giant Eagle. Further, greater than two-thirds of the class members reside in states other than the state in which Giant Eagle is a citizen.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

(b) does substantial business in this district; and

(c) is subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

3. Giant Eagle distributes, markets and sells a yogurt product known as Giant Eagle "Probiotic" yogurt featuring Bifidobacterium BB-12® ("Giant Eagle Probiotic Yogurt"). Giant Eagle claims on the label of its "Probiotic" private label yogurt that it is "Clinically Proven To Help Strengthen The Body's Immune System." It very prominently places the term "Probiotic" on its label. The label reads:



This claim is false, misleading and deceptive. Giant Eagle has no clinical proof of this claim, and thus no basis to assert that this yogurt has any meaningful "Probiotic" benefits or attributes.

4. On the back of its label, Giant Eagle also directs consumers to visit www.Chr-Hansen.com/Probiotics. However, the studies listed on BB-12® fail to support Giant Eagle's advertising message, and a number of them flatly contradict Giant Eagle's claims. Nonetheless, as a result of Giant Eagle's deceptive advertising campaign, Giant Eagle charges a premium for Giant Eagle Probiotic Yogurt.

5. Giant Eagle's advertising statements are designed to cause consumers to buy Giant Eagle Probiotic Yogurt as a result of this deceptive message, and Giant Eagle has succeeded.

6.      And as a result of the misleading messages conveyed through its campaign, Giant Eagle has been able to charge a price premium for Giant Eagle Probiotic Yogurt over other yogurt products.

7.      Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchase Giant Eagle Probiotic Yogurt in order to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased Giant Eagle Probiotic Yogurt.  Plaintiff alleges violations of the Consumer Sales Practices Act, the Deceptive Trade Practices Act and breach of express warranty created by its advertising and labeling.

**PARTIES**

8.      At all times relevant to this matter, plaintiff Marrali resided and continues to reside in this district.  During the Class period, plaintiff was exposed to and saw Giant Eagle's advertising claims, purchased Giant Eagle Probiotic Yogurt in reliance on these claims, and suffered injury in fact and lost money as a result of the unfair competition described herein.

9.      Defendant Giant Eagle is a Pennsylvania corporation and is headquartered in Pittsburgh, Pennsylvania.  According to its website, Giant Eagle ranked 32 on *Forbes* magazine's list of top United States private companies, with annual sales of $7.1 billion.  Giant Eagle operates 223 supermarkets throughout Ohio, Pennsylvania, West Virginia and Maryland.

**FACTUAL ALLEGATIONS**

10.     In the midst of the "functional foods" craze, Giant Eagle released Giant Eagle Probiotic Yogurt. According to Giant Eagle, its yogurt product is "Clinically Proven To Help Strengthen The Body's Immune System."  It also states "Giant Eagle Probiotic Yogurt

-4-

featuring Bifidobacterium BB-12® is a delicious and easy way to improve your body's immune system in one ready-to-eat yogurt." Giant Eagle has no valid substantiation for its claims.

11. While scientists have not agreed on a common definition, the Food and Agricultural Division of the United Nations and the World Health Organization define probiotics as "live microorganisms which when administered in adequate amounts, confer a health benefit on the host." There is no scientific consensus about whether healthy people benefit from any type of probiotic bacterial supplements. There is no credible evidence at all that Giant Eagle Probiotic Yogurt with BB-12 has any probiotic effects at all.

12. Using the term as a marketing tool, and without regard to whether it actually delivers any probiotic benefits, Giant Eagle states that "[p]robiotic bacteria favorably alter the intestinal microflora balance, inhibit the growth of harmful bacteria, promote good digestion, boost immune function, and increase resistance to infection." However, there is no credible scientific evidence that Giant Eagle Probiotic Yogurt has any probiotic benefit at all, or delivers any health benefit beyond ordinary yogurt.

13. The consumer is led to believe that Giant Eagle's "probiotic" lowfat yogurt with Bifidobacterium BB-12 will, in fact, strengthen the immune systems of healthy people. In fact, healthy people's bodies already maintain the proper balance of intestinal bacteria. Even if *Bifidobacterium lactis* strain BB-12 could improve the balance of an already optimally balanced immune system, Giant Eagle has no sufficient evidence that the small amount of bacteria in Giant Eagle Probiotic Yogurt has any effect on one's immune system.

14. Despite the absence of a single clinical test on the actual product, Giant Eagle states that Giant Eagle Probiotic Yogurt provides "clinically proven" benefits, thus implying it is different from eating other yogurts.

15. There is widespread consensus within the scientific community concerning the proper research and testing that must be conducted to substantiate a claim made for a given effect ascribed to a probiotic bacteria. As the American Academy of Microbiology concluded in a symposium focusing on purported probiotic bacteria used in food:

> There is a pronounced need for large, carefully designed (randomized, placebo controlled) clinical trials of probiotics that undertake broad sampling of host microbiota, have clear end points, and have well informed participants who consent to treatment. Investigations like these are needed to overcome the placebo effect [of probiotic treatments] and other barriers to the thorough investigation of probiotic products.[1]

16. A properly conducted clinical or scientific trial – *e.g.*, one capable of providing substantiation for Giant Eagle's claims – is the well-designed, randomized controlled trial ("RCT").[2] In RCTs, human study subjects similar to each other are randomly assigned to receive either the test substance or a placebo. Double-blind RCTs, where neither the patient nor the administering researcher knows which intervention is placebo, is preferred and considered more accurate than a single-blind RCT, particularly where, as here, the manufacturer pays for the studies. Giant Eagle has not so much as attempted to undertake such a process. Nor does Giant Eagle possess requisite clinical tests conducted by others.

17. Rather, as purported "evidence" for its claims, Giant Eagle relies upon several non-clinical studies that merely indicate survival of a bacterial strain in feces of some people

---

[1] R. Walker & M. Buckley, *Probiotic Microbes: The Scientific Basis*, at 19 (Colloquium convened before the American Academy of Microbiology, Nov. 5-7, 2005).

[2] M. Araya, et al., *Guidelines for the Evaluation of Probiotics in Food* (Food and Agriculture Organization of the United Nations and World Health Organization, Report of a Joint FAO/WHO Working Group, April 30 and May 1, 2002), *available at* http://www.who.int/foodsafety/fs_ management/en/probiotic_guidelines.pdf (last visited March 27, 2009).

when administered in a medium different than Giant Eagle Probiotic Yogurt.  For example, Giant Eagle relies upon Matsumoto M., *et al.*, *Effect of Bifidobacterium lactis LKM 512 yogurt on fecal microflora in middle to old aged persons*, Micro. Ecol. in Health and Dis., 12:77-88 (2000).  That study sought to analyze the survival of BB-12 in 11 Japanese long-term hospitalized inpatients with an average age of 76.9 years, and whose diet consisted of rice porridge.  Giant Eagle also relies upon Langhendries, J.P., *et al.*, *Effect of a fermented infant formula containing viable bifidobacteria on the fecal flora composition and pH of healthy full-term infants*, J. of Ped. Gastroenterology and Nutrition, 21:177-181 (1995), which tested an infant formula containing non-strain specific bifidobacteria during the first two months of 20 infants' lives.  The study authors concluded that the results suggested a higher bifidobacteria colonization prevalence in those infants fed a formula containing bifidobacteria. However, that study does not constitute clinical proof that Giant Eagle Probiotic Yogurt strengthens the body's immune system.  Neither of these studies support in any way the advertising claims made by Giant Eagle.

## CLASS ACTION ALLEGATIONS

18.   Plaintiff brings this lawsuit on behalf of herself and the proposed Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The proposed Class consists of:

> All persons who purchased Giant Eagle Probiotic Yogurt. Excluded from the Class are defendant's officers, directors, and employees and those who purchased Giant Eagle Probiotic Yogurt for the purpose of resale.

19.   Specifically excluded from the proposed Class are the defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the defendant, and its

heirs, successors, assigns, or other persons or entities related to or affiliated with the defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

20. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiff. The true number of Class members are known by the defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

21. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Giant Eagle had adequate substantiation for its claims prior to making them;

    (b)    whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

    (c)    whether Giant Eagle's alleged conduct violates public policy;

    (d)    whether the alleged conduct constitutes violations of the laws asserted herein;

    (e)    whether Giant Eagle engaged in false or misleading advertising;

    (f)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(g)     whether Plaintiff and Class members are entitled to an award of punitive damages; and

(h)     whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

22.     ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of Plaintiff's and the Class's respective purchases of Giant Eagle Probiotic Yogurt.

23.     ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

24.     ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, theclass action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

25.     Unless a class is certified, defendant will retain monies received as a result of its conduct that was taken from Plaintiff and proposed Class members. Unless a classwide injunction is issued, defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I

### For Violations of Ohio Consumer Sales Practices Act, Ohio Revised Code §1345, *et. seq*.

26.     Plaintiff restates each and every paragraph of this Complaint as if fully set forth herein.

27.     This cause of action is brought pursuant to Ohio's Consumer Sales Practices Act, Ohio Revised Code §1345, *et seq.* (the "CSPA").

28.     Plaintiff is a consumer as defined by Ohio Revised Code §1345.01(D).

29.     Giant Eagle is a supplier as defined by Ohio Revised Code §1345.01(C).

30.     Giant Eagle's conduct described herein involves consumer transactions as defined in Ohio Revised Code §1345.01(A)

31.     Giant Eagle violated and continues to violate the CSPA by engaging in the following practices proscribed by the following subsections of Ohio Revised Code §1345.02 in consumer transactions with the Plaintiff and the Class, which were intended to result in, and did result in, the sale of Giant Eagle Probiotic Yogurt:

(A)     by "commit[ting] an unfair or deceptive act or practice in connection with a consumer transaction";

(B)(1)  by representing that the products have "performance characteristics . . . uses, or benefits that [they] do[] not have";

(B)(2) by representing that the products are "of a particular standard, quality, grade, style [or] prescription" when they are not; and

(B)(5) by representing that the products are being "supplied in accordance with a previous representation," when they are not.

32. Pursuant to Ohio Adm. Code 109:4-3-10(A) (Substantiations of Claims In Advertising) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to:

> Make any representations, claims, or assertions of fact, whether orally or in writing, which would cause a reasonable consumer to believe such statements are true, unless, at the time such representations, claims, or assertions are made, the supplier possesses or relies upon a reasonable basis in fact such as factual, objective, quantifiable, clinical or scientific data or other competent and reliable evidence which substantiates such representations, claims, or assertions of fact . . . .

33. In conjunction with the violations of Ohio Revised Code §1345.02 set forth above, Giant Eagle violated Ohio Adm. Code §109:4-3-10 because it cannot and has not substantiated the advertising claims made in connection with the promotion of Giant Eagle Probiotic Yogurt.

34. Giant Eagle further violated and continues to violate the CSPA by engaging in the following practices proscribed by the following subsections of Ohio Revised Code §1345.03 in consumer transactions with the Plaintiff and the Class, which were intended to result in, and did result in, the sale of Giant Eagle Probiotic Yogurt:

(A) Giant Eagle has engaged and is engaging in "an unconscionable act or practice in connection with a consumer transaction;

(B)(3) Giant Eagle "knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction"; and (B)(6) Giant Eagle "knowingly made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment."

-11-

35. Giant Eagle violated the CSPA and Ohio Administrative Code through its advertisements for Giant Eagle Probiotic Yogurt as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

36. Pursuant to Ohio Revised Code §1345.09(B), Plaintiff and the Class are entitled to rescind the consumer transactions, and recover damages or other appropriate relief under Rule 23 of the Federal Rules of Civil Procedure.

37. The deceptive and unconscionable acts complained of herein have been previously declared to be deceptive or unconscionable and made available for public inspection including, but not limited to, the Complaint and Consent Judgment Entry attached as Exhibit 1, captioned *William J. Brown v. Richard M. Hartman*, Case No. 81-CV-1587 (Court of Common Pleas, Mahoning County, Ohio) ("*Hartman*"), which is available for public inspection by the Attorney General of Ohio.

38. The *Hartman* complaint alleged violations of the CSPA and Ohio Adm. Code 109:4-3-01, *et seq.*, because the defendant therein misrepresented the quality, grade or standard of a dairy product offered for sale to Ohio consumers in violation of Ohio Revised Code §1345.02(B); committed unconscionable acts and practices in connection with the sale of a dairy product in violation of Ohio Revised Code §1345.03(A); and knowingly made a misleading statement concerning a dairy product on which consumers relied to their detriment and in violation of Ohio Revised Code §1345.03(B)(6). The *Hartman* complaint sought a permanent injunction preventing the defendant from continuing to engage in the deceptive and unconscionable conduct in connection with the advertising of its dairy product and to make restitution to consumers who purchased the food product.

39. In *Hartman*, a Consent Judgment Entry was entered that permanently enjoined the dairy supplier from misrepresenting the quality, grade or standard of all food products offered for sale to consumers; knowingly making misleading statements or opinions concerning the sale of food products; misrepresenting the uses of food products; and placing advertisements which do not include accurate descriptions of food products being offered for sale to Ohio consumers. In addition, the defendant in *Hartman* was required to make full restitution.

40. Accordingly, Giant Eagle had notice that in connection with the sale of food products in Ohio, it is a deceptive and unconscionable act or practice to make misrepresentations regarding the quality of a food product, make misleading statements of opinion concerning a food product, misrepresent the uses of a food product, and/or place inaccurate advertisements regarding the description of food products being offered for sale. Giant Eagle was further placed on notice that if it did engage in such deceptive acts, it would be required to make ***full restitution*** and reimburse the purchase price to Ohio consumers that purchased the food product.

41. In addition to Ohio Revised Code §1345, *et seq*. and Ohio Administrative Code §109-4-3, *et seq*., Ohio Revised Code §917.11 requires all dairy products, such as Giant Eagle Probiotic Yogurt, to be labeled and branded as required by Ohio Revised Code §917, *et seq*., and Ohio Revised Code §3715, *et seq*.

42. Specifically, Ohio Revised Code §917.05 prohibits the sale of a dairy product that is misbranded as described in Ohio Revised Code §3715.60.

43. Ohio Revised Code §3715.60 states that a food is misbranded if its label is false and misleading in any particular.

44. Ohio Revised Code §3715.52 prohibits the following acts or causing the following acts: the sale of any food that is misbranded, the misbranding of any food, and the dissemination of any false advertisement, which is defined in Ohio Revised Code §3715.68 as an advertisement of food that is false or misleading in any manner.

45. Ohio Revised Code §§917.05, 3715.52, 3715.60 and 3715.68 all provided further notice to Giant Eagle that mislabeling, misbranding, disseminating false advertising in connection with the sale of a food and/or dairy product was and is a violation of Ohio law.

46. Pursuant to Ohio Revised Code §1345.09(D), Plaintiff and the Class seek an order enjoining the above-described wrongful acts and practices of the defendant and for restitution and disgorgement.

47. Pursuant to Ohio Revised Code §1345.09(E), this Complaint will be served upon the Ohio Attorney General, Nancy H. Rogers.

48. Plaintiff and the Class reserve the right to allege further violations of Ohio's CSPA as Giant Eagle's conduct is ongoing.

## COUNT II

### For Violations of Ohio's Deceptive Trade Practices Act
### Ohio Revised Code §4165, *et seq.*

49. Plaintiff restates each and every paragraph of this Complaint as if fully rewritten here in.

50. Giant Eagle is a person as defined in Ohio Revised Code §4165.01(D).

51. For the reasons discussed above, Giant Eagle has engaged in unfair, deceptive, untrue and misleading advertising in violation of the following subsections of Ohio's Deceptive Trade Practices Act §4165.02 because Giant Eagle:

> (A)(3) "Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods . . .";

(A)(4) "Uses [and has used in the past] deceptive representations . . . in connection with goods";

(A)(7) "Represents that goods . . . have sponsorship, approval, characteristics, ingredients, uses [or] benefits . . . that they do not have . . .";

(A)(9) "Represents that goods . . . are of a particular standard, quality, or grade" and "they are of another"; and

(A)(11) "Advertises goods . . . with intent not to sell them as advertised."

52. Plaintiff and the Class reserve the right to allege other violations of the law under Ohio's Deceptive Trade Practices Act as Giant Eagle's conduct is ongoing.

53. Giant Eagle's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Giant Eagle's deceptive conduct.

54. Plaintiff and the Class seek equitable relief and to enjoin Giant Eagle on the terms that the Court considers reasonable.

## COUNT III

### Breach of Express Warranty
### On Behalf of Plaintiff and the Class

55. Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

56. Giant Eagle, by affirmation of fact and/or promises set forth in its promotions, advertisements and/or labeling created an express warranty that Giant Eagle Probiotic Yogurt would conform to the affirmation and/or promises.

57. The affirmation of fact and/or promises related to the health benefits of Giant Eagle Probiotic Yogurt are express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class and Giant Eagle.

58. Plaintiff and the Class members performed all conditions precedent, including notice pursuant to Ohio Revised Code §1302.65(C)(1), under the contract between the parties.

59. Giant Eagle breached the terms of the contract between the parties, including the express warranties related to the health benefits of Giant Eagle Probiotic Yogurt with Plaintiff and the Class by not providing Giant Eagle Probiotic Yogurt in a manner that conforms to the affirmations and/or promises.

60. Giant Eagle's breach of this contract has directly and proximately caused Plaintiff and the Class to suffer damages in the amount of the purchase price of Giant Eagle Probiotic Yogurt.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiff and the proposed Class members damages;

C. Awarding restitution and disgorgement of Giant Eagle's revenues to Plaintiff and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining defendant from continuing the unlawful practices as set forth herein, and directing defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by defendant by means of any act or practice declared by this Court to be wrongful;

E. Awarding Plaintiff and the Class punitive damages;

F. Ordering Giant Eagle to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: May 6, 2009　　　　　　　　　　FRANK PISCITELLI CO., LPA
　　　　　　　　　　　　　　　　　　　　FRANK E. PISCITELLI, JR.


　　　　　　　　　　　　　　　　　　　　*/s/ Frank E. Piscitelli, Jr.*
　　　　　　　　　　　　　　　　　　　　FRANK PISCITELLI

　　　　　　　　　　　　　　　　　　　　55 Public Square, Suite 1950
　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44113
　　　　　　　　　　　　　　　　　　　　Telephone: 216/931-7000
　　　　　　　　　　　　　　　　　　　　216/931-9925 (fax)
　　　　　　　　　　　　　　　　　　　　frank@piscitellilaw.com

　　　　　　　　　　　　　　　　　　　　CLIMACO LEFKOWITZ PECA WILCOX &
　　　　　　　　　　　　　　　　　　　　GAROFOLI
　　　　　　　　　　　　　　　　　　　　JOHN R. CLIMACO
　　　　　　　　　　　　　　　　　　　　DAVID M. CUPPAGE
　　　　　　　　　　　　　　　　　　　　SCOTT D. SIMPKINS
　　　　　　　　　　　　　　　　　　　　DAWN M. CHMIELEWSKI
　　　　　　　　　　　　　　　　　　　　55 Public Square, Suite 1950
　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44113
　　　　　　　　　　　　　　　　　　　　Telephone: 216/621-8484
　　　　　　　　　　　　　　　　　　　　216/771-1632 (fax)
　　　　　　　　　　　　　　　　　　　　jrclim@climacolaw.com
　　　　　　　　　　　　　　　　　　　　dmcupp@climacolaw.com
　　　　　　　　　　　　　　　　　　　　sdsimp@climacolaw.com
　　　　　　　　　　　　　　　　　　　　dxchmi@climacolaw.com

　　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　TIMOTHY G. BLOOD
　　　　　　　　　　　　　　　　　　　　THOMAS J. O'REARDON II
　　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　　　　　　　Telephone: 619/231-1058
　　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)
　　　　　　　　　　　　　　　　　　　　timb@csgrr.com
　　　　　　　　　　　　　　　　　　　　toreardon@csgrr.com

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JONATHAN M. STEIN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jstein@csgrr.com

SHEPHERD FINKELMAN MILLER
  & SHAH, LLP
JAYNE A. GOLDSTEIN
Florida Bar No. 144088
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

GILMAN AND PASTOR, LLP
DAVID PASTOR
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: 617-742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

Attorneys for Plaintiff and the Class